It was deemed by the panel sufficient to warrant our taking another look at the party's concerns about how the court has addressed the issues presented to us, both in the pleadings and in the oral argument. Before I have Mr. Dunning proceed, I'd just like for both counsel to, if you have matters to inform the court of developments in this case. I don't know that I've been on a case longer than this one in terms of how long we've unfortunately had urgent matters brought before us, and I wouldn't want that to be prolonged any longer than necessary. But I also understand that there are things that are moving pieces to this case with the proceedings in Texas State Court, and to this point, perhaps something else. So as you make your remarks, don't feel extraordinarily constrained by the 10-minute time limit. We'll try to hear you out. But also advise us or inform us of important and significant and relevant developments that may have or be taking place in this case. With that, Mr. Dunning, if you would. Yes, Your Honor. Good afternoon. May it please the court. Just a point of clarification, I am arguing on behalf of Navsav Holdings, LLC. My office and my appearance was after the October 1st ruling in this case, so I was not counsel at the time of the original oral argument and briefing. We want to just note that appellees are requesting three things in this case. One is whether there was a waiver of the first filed rule at the lower court in the Nebraska Federal District Court. Our position as indicated in the briefing, and as we will state here today, is that there was no waiver. The issue, albeit briefly, as I noted in our brief, the issue was raised by Navsav's counsel. The reference was that the case should not proceed forward in favor of the earlier filed litigation in Texas. That Texas case was originally filed by Navsav Holdings in state court in Texas in an effort to implement the forum selection clause that is applicable in these agreements. That case was subsequently removed to federal court, but then again remanded to Texas state court. None of those subsequent proceedings, in our view, changes the fact that Navsav's case against Damon and Roach was first filed and should proceed accordingly. We do not believe that there was a waiver, based on the fact that Navsav's prior counsel did raise the issue in its briefing. At that point, I realized that it was- As I read your response to the concerns about it being raised, and what you cite, or what I'm saying, a line in the pleadings that mentions the first file rule, but there's really not any extensive discussion of it or even substantial discussion mentioning precedent and appropriate authority or applicable authority, that may or may not be enough. I want you to give us your best as to why what you actually stated or your client actually stated in the pleadings was sufficient to preserve that and raise that as something that was appropriately before the panel. Understood. We acknowledge that it was a brief reference to the first file rule and perhaps not as fully developed as it could have been. However, in these cases, first filing, these cases rise and fall on that issue. Given that the issue was raised in that briefing, the defendants, or I'm sorry, the plaintiffs, the appellees here had the opportunity to address it and did not address it. Would it be appropriate for the district court to have addressed that? Do you have a position on whether the district court addressed it? The district court did not address it. The district court could have addressed it. My view is the district court could have addressed it on its own or in response to NAVSAV raising it in the briefing. Our position is that based on that, that it was raised, the argument was stated. Because it is traditionally a very significant issue in cases of this sort, that it could have been addressed at that point. Again, these cases rise and fall on those issues as far as forms of selection clause. Mr. Dunning, this is Judge Kelly. You've said it rises and falls a couple of times on this first filed fact. As I read, at least the limited case law that we have on this, is that it's not a rigid and mechanically applied rule. Even our opinion refers to other compelling circumstances that might change the mix on this first filed rule. Why isn't that something that the district court needs to handle in the first instance rather than having us do it just as a matter of a switch on or off depending upon who filed first? Well, to step back, when I say a case rises and falls, I don't mean that the application of the first filed rule is a rigid application or a mechanical application. What I'm saying is that where the case is filed, what the form is, what the applicable law is, is how the case of this nature rises and falls on the filing. The district court could have addressed the issue, could have requested more briefing on it from my prior counsel, could have requested briefing on it from counsel for the defendants at the lower court. That did not happen. We are taking the position that the proceedings in the Texas court are proper. It was filed in state court, removed to federal, then remanded to state. That leaves the original filing date earlier in the two cases involving Damon and Roach. We believe that those subsequent proceedings of removal and remand don't change anything as far as the application of the first filed rule. The remaining case against Mr. Bieber, we have filed a motion in the federal district court here in Nebraska to have that case dismissed in favor of the Texas state litigation. So Mr. Denny, I hear you saying that you don't think it's a rigid and mechanical rule, but are you saying that here, it is rigidly applied just because of the timing? What I'm trying to get at here, it's not the usual kind of analysis that the court of appeals is doing in the first instance when we're talking about compelling circumstances and a number of factors that may influence a district court's discretion on how to proceed. Certainly. I guess our position is that it's not being rigidly applied. We raised the issue in the lower court. The issue was raised in oral argument at the appellate court. There are no compelling circumstances shown because there's nothing in the record that shows any compelling circumstances. It's not as if there are issues addressed in the record that are being dismissed and with the result that the rule is being rigidly applied, it's just that there is no comprehensive record on the issue at all. We have stated it as an argument to support the application of the forum selection clause in Texas and we maintain that it could have been and perhaps should have been addressed at the district court, could have been and perhaps should have been addressed differently during oral argument, but that is not what happened. We have this position where we are proceeding on the record as it exists and I think it all goes back to whether or not NAVSAV waived the argument and our position is that we did not. The proceedings, counsel has raised novel factual questions. Again, it collapses back to did NAVSAV waive the argument. Our position is no, that the record establishes that. That was why we opposed supplementing the record because the record already established what had happened. The second novel factual question that counsel has raised is proceedings during the appeal and subsequent proceedings during the appeal in Texas and again, that did not affect the date filed and did not affect the application of the rule in this situation. This is not an unseemly race to the courthouse as is noted in some of the briefing. This is NAVSAV's opportunity to implement its form selection clause and ask that the proper court, applying the proper law, determine the issues in this matter. I am past my one minute of reserved rebuttal. I can continue, but I don't want to leave myself with no time at all. Thank you, Mr. Denny. Mr. Scaglione. May it please the court, Greg Scaglione, appearing on behalf of- Counsel, if you could, you might want to get a little closer to your mic or raise your volume. Your voice is a little light. Your Honor, is that better? That's some better. Okay. Greg Scaglione, appearing on behalf of Mr. Bieber, Roach, and Ms. Damon, would like to make a few quick points on the topic that was just discussed. The first point I would make is this choice to defer the first to file and the proper venue was selected by NAVSAV. During the injunction hearing, on the record, NAVSAV's counsel said, we will raise it later, being the form selection and what's the proper venue. He said, on the record, during the injunction hearing, we will address it later in a response by Judge Bisher. So, NAVSAV chose this sequence of choosing to address the injunctions first and to punt the venue to later. This comes before you on a very limited interlocutory permissive appeal to review an motion to dismiss or some type of decision by the district court on forum. So, I don't think you have the jurisdiction interlocutorily to review it. More importantly, there's no ruling to review. The district court did not rule and no record was made because, again, NAVSAV's counsel said, I will raise this later. Then, after the injunctions were entered, a motion to dismiss was indeed filed by NAVSAV. It did not include in that motion to dismiss an argument on first to file. So, I believe it's waived. But my point to this court is simply this. The interlocutory appeal is statutorily only permitted to evaluate the preliminary injunction that was entered. I believe that anything related to a motion to dismiss, proper venue, the choice of venue or forum selection in the contract should be heard first by the district court with both parties allowed to make a record and to submit authority and argument and have the district court enter an order so that this court later, because that would not be an interlocutory review. But at a later date, it could then review an actual order based on an actual record to determine if the standard of first to apply was waived and if not waived, was it justified by the record in the law. So, that would be my first point. Mr. Scaglioli, I do have a question to that point. It seems to me that the district court included what we're kind of calling the anti-suit injunction, the injunction against the prohibition from filing in these other cases as one of the forms of relief under the preliminary injunction. Are you saying that that is not before us? I think that the judge decided the applicable law and then once the judge decided that, that the choice of law in the contract would be ignored under the conflicts of law standard he correctly applied. I believe he then decided that the related choice of venue, one was deferred by NAVSAV and two was not justified under the circumstance. I think that's a fair reading. I would add this. Judge Bisher expressly ruled on the Anti-Injunction Act 28 U.S.C. Section 2283 in a judgment he entered after this appeal was made, but it's docket 89 in front of the district court. At page 27 through 29 of his order, he specifically and expressly evaluated the Anti-Injunction Act and rejected NAVSAV's claims that he was barred from entering the anti-suit injunction under that act. So, that is a subsequent ruling and I apologize for venturing a little bit outside of the record, but the court could review filing 89. I would also call to the court's attention in that same order, docket 89, Judge Bisher on page 14 in a footnote, a two-paragraph long footnote, he detailed that he did not rule that there was economic harm here, but he expressly found that denying my clients the benefits of the public policy of Nebraska was what was the irreparable harm. And so, he wrote about a two-paragraph rather lengthy footnote that I would commend to your reading if you deem it relevant. But I believe that subsequent order, you asked for context, I would make a note of that. Mr. Scaglione, what is it that you are asking us to do on rehearing? So, what I'm asking you to do is to undo your decision that the first-to-file rule applies and allow the district judge on remand to address that issue. That would be a proper, I believe it would be raised by a motion to dismiss, either commanded by this court in a mandate, or perhaps raised by Judge Bisher on his own initiative or raised by NAVSAF. But I believe the issue should be raised, briefed, and argued and ruled on by the district court in the first instance. That's my primary request in the rehearing. Then, if the court decides that the first-to-file rule was either waived or does not apply and the case is properly in Nebraska, I will then ask him to reinstitute the non-suit injunction as it relates to Ms. Damon and Mr. Roach on the same grounds that this court affirmed Mr. Bieber's anti-suit injunction. Why wouldn't we include Bieber in this? I understand that you've been very clear that you're only seeking rehearing as to Damon and Roach, but the idea that we shouldn't have applied the first-file rule on appeal in the first instance, which I think is what the position is, would apply to all three, would it not? Well, NAVSAF does not contest that Bieber beat them to the courthouse. So, Bieber was the first-to-file, his case. So, that argument that NAVSAF has does not apply to Bieber. So, is it your position then that it is rigid in this case? In other words, there are no other circumstances, there's no other compelling circumstances that someone could offer up to explain why that first-in-file rule just based on the date of filing would not apply? That is an astute point, Your Honor. And I take your point, and perhaps a uniform analysis for all three would be appropriate given the standard that you've identified. I missed your point, I take it now. I would also ask the Court, as you consider our filings and Judge Bisher's footnote 9, to perhaps reconsider, and this is, I would say, beyond the scope of my petition for rehearing, but he does reemphasize that the basis was not economic harm, it was denial of the public policy right, and that's what he based the preliminary injunction on, not just the non-suit but the preliminary injunction. I'd ask that you reconsider that as you consider reissuing the order as a whole to all three. By way of quick update, I think you asked what are some of the major events in the case that have been happening since we last spoke. NAVSAV has added Unico as a third party to the Nebraska case. It had sued Unico in Texas, but the Texas federal court found no personal jurisdiction. So they actually added Unico as a third party. They called it a counterclaim, but I would call it a third party complaint against Unico. So Unico is now a party to the Nebraska federal action. They've also filed counterclaims against Damon, Roach, and Bieber, which I think undermines their forum non-convenience argument. And then the order that Judge Bisher entered, I moved for a sanction because I thought the injunctions had been violated with some actions taken in Texas. Judge Bisher found that his injunction was violated, but that it did not warrant a sanction. So he denied that, so that's an update for you there. In Texas, I filed special appearances on behalf of Damon, Roach, and Bieber. Those have been deferred into jurisdictional discovery. NAVSAV has taken a jurisdictional deposition. Two of my clients and the other one will be taken in April. And then at some point, we'll get a ruling on the special appearances. Texas does allow an appeal from a denial of my special appearance if it's denied. So the jurisdictional issue could be covered for years in Texas before we ever get to the merits there. I'm out of time. I do thank you for your consideration. Thanks, Mr. Scaglione. Any questions from the panel for Mr. Scaglione? Mr. Dunning, we used up your time, but we'll give you two minutes of rebuttal. Thank you, Your Honor. Mr. Scaglione has recited the current status of the proceedings correctly. We did add UNICO. We believe it's a counterclaim and they are a counterclaim defendant. We also filed counterclaims against the three plaintiffs here. However, we did that because we had a case progression requirement to do that and we subsequently evaluated and had made the decision to file a motion for nonconvenience, which is pending before the court. That will solve the issue as to, if granted, will solve the issue as to Mr. Bieber. We believe the Eighth Circuit's ruling on Mr. Roach and Ms. Damon is correct and that gets us to Texas for those two and gets us to Texas for Mr. Bieber. The bottom line of this case is that the case should be in Texas based on the language of the agreements. The first filed, the rigid application in the Bieber instance is being addressed through our motion for nonconvenience and we believe that is appropriate to address the first filed rule to address all the issues related to Bieber's filing here in Nebraska. That will get us to the correct result that the case be pending in Texas and we request that the panel reinstate its October 1st order and allow Damon and Roach to return to the district court for either to be stayed or dismissed. There is no transfer available because the case in Texas is now in state court instead of federal court. We had a conference the other day and that same distinction needed to be clarified at that conference. We request that the re-hearing be denied and that the original decision be reinstated. Thank you counsel. Court appreciates the both of you appearing before us to help us resolve the matter and we'll do our best to proceed and properly move this case along. Thank you both. Thank you. Thank you.